IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT WILLICH | § | |
| v. | § | CIVIL ACTION NO. 6:08cv244 |
| RONNIE BROWNLOW, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Robert Willich, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining that his constitutional rights were violated during his confinement in the Henderson County Jail. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). At this hearing, the parties consented to allow the undersigned United States Magistrate Judge to enter final judgment in this action. The lawsuit was subsequently assigned to the docket of the undersigned United States Magistrate Judge for entry of final judgment in accordance with the consent of the parties.

In his complaint and testimony, Willich raised three primary issues. These concerned: (1) the adequacy of the law library; (2) denial of access to newspapers during his confinement in the jail: and (3) racial discrimination in the selection of trusties. With regard to the adequacy of the law library, Willich said that he had two pending cases, a federal habeas corpus petition challenging a disciplinary case at the Eastham Unit, and a state court probate case involving a will contest. He said that the Henderson County Jail law library was inadequate because it did not have any state or federal reporters, but only outdated Vernon's Texas Civil Statutes and old Texas rule books.

1

Willich testified that he had valid grounds upon which to challenge his disciplinary case because he was charged with "destroying" state property but the charge should have only been "damaging" state property, inasmuch as the property could have been repaired. He said that his mother had passed away and her will left her estate to her grandson, Willich's nephew, and so he wished to challenge the will based on lack of testamentary capacity and undue influence. *See* In Re Estate of Willich, — S.W.3d —, slip op. no. 12-06-00409-CV (Tex.App.-Tyler, December 21, 2007) (unpublished) (available on WESTLAW at 2007 WL 4465235).

The on-line records of the Twelfth Judicial District Court of Appeals, the state appellate court to which Willich appealed the dismissal of his will contest case, show that Willich filed his notice of appeal of the trial court's decision on November 29, 2006. Willich filed his appellate brief on May 21, 2007, and a supplemental brief on May 31, 2007. Willich also sent several motions to the Court of Appeals, which were overruled. The opinion of the Court of Appeals, which affirmed the trial court's decision and modified it in that it corrected the trial court's error in saying that no will contest had taken place when in fact such a contest had been filed, was issued on December 21, 2007.

The courts have held that inmates have a right of access to legal materials, and prison officials cannot deny inmates access to court. Bounds v. Smith, 430 U.S. 817 (1976). However, actual injury must be shown to set out a violation of Bounds. Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986).

The Supreme Court has held that Bounds does not "guarantee inmates the wherewithal to transform themselves into litigating engines." Lewis, 116 S.Ct. at 2182. In this regard, the Court stated as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated [citations omitted] or habeas petitions [citations omitted]. In Wolff v. Donnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions" - i.e. actions

under 42 U.S.C. §1983 to vindicate "basic constitutional rights." Significantly, we felt compelled to justify even this slight extension of the right of access to the courts, stressing that "the demarcation line between civil rights actions and habeas petitions is not always clear," and that "[i]t is futile to contend that the Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great Writ."

After discussing the law library holdings at issue in Bounds, the Court went on to state that

In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Bounds, 518 U.S. at 355, 116 S.Ct. at 2181-82 (emphasis and parentheses in original).

Thus, Bounds and Lewis do not require that law libraries provide inmates with the tools needed to maintain whatever type of litigation they see fit, but only those needed to challenge the legality of confinement or the conditions of that confinement. In this case, Willich's contesting of his mother's will is not an attack upon his sentence, nor is it a challenge to the conditions of his confinement under the Civil Rights Act. Consequently, it is not covered by Bounds or Lewis, and the impairment of this litigating capacity is not a constitutional violation, but simply "one of the incidental (and perfectly constitutional) consequences" of Willich's conviction and incarceration. Willich's claim concerning the Henderson County law library is without merit insofar as it relates to his contesting of the will.

Willich also complains that he had a pending federal habeas corpus petition which he wanted to appeal to the Fifth Circuit regarding a prison disciplinary matter. Because he lost good time credits, such a claim amounts to a challenge to the legality of his confinement, and therefore does fall within Bounds and Lewis.

Willich says that he was in the Henderson County Jail from November 15, 2006, until March 5, 2007, and then again from April 20, 2007, until July 16, 2007, on two separate bench warrants. The records of Willich's habeas petition show that his federal habeas petition was filed on August 10, 2006. Willich challenged a prison disciplinary case for stealing and for damaging or

destroying state property, saying that he was denied the right to call a witness, there was no evidence to support the conviction, he was denied a "speedy fair and public trial," he was the victim of retaliation, and TDCJ personnel violated prison rules.

The Respondent was ordered to answer and did so. On December 6, 2006, the Magistrate Judge issued a Report recommending that the petition be dismissed. Willich took an interlocutory appeal of the Report, but this was dismissed by the Fifth Circuit on February 7, 2007. Willich also filed objections to the Report on December 18, 2006, as well as a response to the answer and motion for evidentiary hearing on December 28, 2006, and a motion for certificate of appealability on January 8, 2007. On February 23, 2007, the district court overruled Willich's objections, adopted the Report, and dismissed the petition. Willich appealed this dismissal on March 19, 2007. *See* Willich v. Director, TDCJ, civil action no. 9:06cv167 (E.D.Tex.).

The records of the Fifth Circuit Court of Appeals show that as part of his appeal, Willich filed a three-page motion for a certificate of appealability on May 29, 2007, citing authority and raising five grounds upon which such a certificate should issue; a few days later, on June 4, 2007, he filed a 20-page brief in support of his request for a certificate of appealability, which cited numerous cases as well the Texas Government Code, the Texas Penal Code, and the U.S. Constitution. His motion for a certificate of appealability was denied, with this denial based on a finding by the Fifth Circuit that jurists of reason would not consider it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reasons would not find it debatable whether the district court was correct in its procedural ruling that some of Willich's claims were procedurally defaulted. Willich filed a motion for rehearing on March 26, 2008, which was denied on May 5, 2008.

In Lewis, as noted above, the Court reaffirmed the longstanding requirement that inmates claiming a violation of Bounds must show actual injury. Lewis, 116 S.Ct. at 2180. The Court provided the following examples of "actual injury" under Bounds:

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the

4

prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Willich has failed to show that he suffered any harm with regard to his habeas petition, as a result of the alleged inadequacy of the law library at the Henderson County Jail. He was able to and did file numerous pleadings in the district court and the Fifth Circuit Court of Appeals, including objections to the Magistrate Judge's Report, a response to the answer, a request for an evidentiary hearing, a notice of appeal, and a motion for a certificate of appealability in the district court, as well as a motion for a certificate of appealability and brief in support which he filed in the Fifth Circuit. His pleadings contained citations and authority and made cogent, though ultimately unavailing, legal arguments. Willich has failed to show that a different result could have ensued in his case, in the district court or on appeal, had the law library in Henderson County been as complete as he believes that it should have been; a review of the pleadings and the Fifth Circuit's opinion makes clear that Willich's petition was dismissed for lack of merit, not lack of legal authorities or citations which he could have obtained from a more complete library. Because Willich has not suffered harm within the meaning of Lewis, his claim on this point is without merit.

Willich asserted at the hearing that many of his grievances were not answered by the responsible officials. To the extent that he seeks to raise this as a separate claim, it is without merit. The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* Edmond v. Martin, et al., slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); Thomas v. Lensing, et al., slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same).

Willich next complains that certain trusty jobs in the jail, the so-called "sheriff's trusties" who worked "up front," are "reserved for whites." It was, however, unclear if Willich had actually applied for such a job and been turned down. The Fifth Circuit has held that the selection

of trusties, if racially discriminatory, could violate the Equal Protection Clause. *See* Bentley v. Beck, 625 F.2d 70, 72 (5th Cir. 1980) (inmates have right not to be treated in racially discriminatory fashion for job assignments). Willich testified that the persons sued in regard to this claim were Sheriff Ronnie Brownlow, jail chief Tony Allison, and Cpl. Rickman.

Willich also said that the Henderson County Jail had a policy that inmates were not allowed to have newspapers. He said that he would not be allowed to subscribe to a newspaper even at his own expense, and that he was not allowed to have a newspaper which he had brought with him from TDCJ released to him out of his property. The Fifth Circuit has stated that absent inconsistency with a "legitimate jail function," prisoners should not be deprived of access to newspapers and magazines. Reimer v. Hastings, 30 F.3d 1492 (5th Cir., July 19, 1994) (not selected for publication in the Federal Reporter) (available on WESTLAW at 1994 WL 398363), *citing* Mann v. Smith, 796 F.3d at 83. Further judicial proceedings are required on this claim. Willich says that he is suing Sheriff Brownlow, jail chief Allison, and Sgt. Harris in connection with this claim.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke, 490 U.S. at 327, *citing* Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Willich's claims concerning the adequacy of the law library at the Henderson County Jail lack an arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, these claims may be dismissed as frivolous under 28 U.S.C. §1915A(b). Those Defendants associated only with these claims, including that Lt. Ward, Lt. Felts, Officer Bowman, and Officer McLean, should also be dismissed from the lawsuit. *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Plaintiff's claims concerning the law library at the Henderson County Jail, as well as any claims which he may raise concerning the grievance procedure at the jail, are hereby DISMISSED as frivolous. It is further

ORDERED that the Defendants Lt. Ward, Lt. Felts, Officer Bowman, and Officer McLean are DISMISSED as parties to this lawsuit. This dismissal shall have no effect upon the plaintiff's claims against Sheriff Brownlow, Tony Allison, Sgt. Harris, or Cpl. Rickman. Finally, it is

ORDERED that the dismissals of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).

**So ORDERED and SIGNED this 27th day of January, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE